J. E. BROUSSARD ET AL. V. CHARLES PAGGI ET AL.

No. 6790. Decided November 21, 1934.
Motion for Rehearing Overruled January 23, 1935.
(76 S. W., 2d Series, 1041.)

Lipscomb & Lipscomb, of Beaumont, for appellants.

Oliver J. Todd, of Beaumont, for appellees.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is here on certified question from the Court of Civil Appeals of the Ninth (Beaumont) District. The appeal to that court involves the constitutionality of Chapter 16, Acts of the 2d Called Session of the 43d Legislature (1934), known as the "Moratorium Act." A further statement of the case is unnecessary. The question certified reads:

"Is the Act of the 43rd Legislature of the State of Texas authorizing Moratoria or stays of sale under decrees of fore-

closure on land, being Chapter 16, p. 42, Acts of 2nd Called Session, S. B. No. 3, violative of provisions of Article 1, Ss. 16, 17 and 19 of the Constitution of the State of Texas, or either of them, or of Article 1, Section 10 of the Constitution of the United States, or of the 14th amendment to the said Constitution of the United States?"

In the case of the Travelers' Insurance Co. v. Schuyler B. Marshall, this day decided, ante, p. 45, we have held the Act of the Legislature named in the question just quoted unconstitutional and void, because violative of Sec. 16, Art. 1, of the Constitution of Texas, which prohibits legislation impairing the obligation of contracts. We, therefore, answer the Certified Question and say that Chapter 16, Acts 2d Called Session of the 43d Legislature is unconstitutional, because violative of Section 16, Article 1, of the Constitution of Texas. This renders it unnecessary for us to answer the remainder of the question certified, as to whether or not the Act violates Sections 17 and 19 of Article 1 of the Constitution of Texas, and Article 1, Section 10, and the 14th amendment to the Constitution of the United States, and we do not do so. Since the Act is void, because it violates Section 16, Article 1, of the State Constitution, it has no effect, is not a law; and whether or not it also violates other sections of the State Constitution or certain provisions of the Constitution of the United States is not a material inquiry.